UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT BEAMON,
    *Plaintiff*,
    *v.*
YALE NEW HAVEN HOSPITAL INC.,
    *Defendant.*

Civil No. 3:16cv181 (JBA)

April 11, 2017

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Robert Beamon brought this action against Defendant Yale-New Haven Hospital, Inc. ("YNHH") alleging employment discrimination based on race in violation of Title VII of the Civil Rights Act (Count One), retaliation in violation of Title VII (Count Two), retaliation in violation of the Family Medical Leave Act (Count Three), and retaliation in violation of § 31-51a of the Connecticut General Statutes (Count Four). On March 13, 2017 the Court granted [Doc. # 46] Defendant's Motion [Doc. # 23] to Dismiss Count Four. *See* Ruling [Doc. # 46] Granting Defendant's Motion to Dismiss Count Four (the "Ruling"). Plaintiff now moves [Doc. #56] for reconsideration of the Court's Ruling. For the following reasons, Plaintiff's Motion is denied.

I. **Discussion**

In the Court's Ruling, it found Plaintiff had not pled a claim under Conn. Gen. Stat. § 31-51q because he did not sufficiently allege that his speech addressed a matter of public concern. According to the Second Circuit, the chief grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration "will generally be denied unless the movant can

point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1.

In support of his Motion, Plaintiff argues that because he has uncovered "new evidence "which demonstrate[s] there was a public concern" underlying his speech, the Court should not dismiss his claim. (Pl.'s Mot. [Doc. # 56] for Reconsideration ("Pl.'s Mot.") at 7.) The "newly discovered evidence" Plaintiff offers is: (1) An affidavit of a former employee of Defendant "provid[ing] background information regarding Dr. Steinbacher's history of unsafe behavior," (2) Plaintiff's affidavit where he "clarifies" the allegations in his Complaint, and (3) a memorandum produced by Defendant during discovery in which Defendant's then Medical Director noted safety concerns with the Doctor's behavior in the Operating Room during the incident involving Plaintiff.[1] (*Id.* at 2-4.)

However, as Defendant aptly notes, this Court's Ruling was on a motion to dismiss, where the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (internal quotation marks and citations omitted). Thus, in making its determination, the Court did not analyze Plaintiff's evidence at all, but rather determined as a matter of law that Count Four was insufficiently pled. Any purportedly recently discovered evidence is simply corroborative of the factual allegations this Court assumed to be true for purposes of rendering its Ruling. *See Kittner v. Gates*, 783 F. Supp. 2d 170, 173 (D.D.C. 2011) (Denying motion for reconsideration of dismissal of *Bivens* claim on motion to

---

[1] Defendant contends that this evidence was not in fact newly discovered as required to warrant reconsideration, but because Plaintiff's Motion is denied on other grounds the Court does not address this argument.

2

dismiss because the plaintiff's "new evidence is merely cumulative and corroborative of the factual allegations [the] [c]ourt [had] dismissed," which it had "assumed to be true for purposes of rendering that decision.").

Accordingly, because "[e]vidence newly uncovered by [Plaintiff] does not impact the facial sufficiency of [his] pleading," Plaintiff's Motion for Reconsideration is denied. *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2015 WL 11393827, at *1 (S.D. Fla. June 2, 2015).[2]

**II. Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of April 2017.

---

[2] To the extent Defendant seeks attorneys' fees, it has not shown compliance with Fed. R. Civ. P. 11(c), nor has it explained its decision to file opposition to Plaintiff's Motion for Reconsideration, which is not required absent request from the Court. *See* D. Conn. L. Civ. R. 7(c)2.